

FILED

DEC 11 2002

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. POSTELLE, JR.,            )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )   Case No. 02-cv-1135-MJR
                                     )
JACK IN THE BOX, INC.,               )
                                     )
        Defendant.                   )

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### I. Introduction and Procedural Facts

William Postelle, Jr. sued Jack in the Box, Inc ("JIB") in the Circuit Court of Madison County, Illinois. Alleging that JIB failed to pay him overtime required by Illinois law, Postelle sought to represent a class of all persons employed by JIB from May 1992 through the present who worked more than 40 hours per week but "were paid less than 1½ times their regular rate of pay." Specifically, Postelle claimed that JIB failed to comply with two Illinois statutes – the Illinois Minimum Wage Law, **820 ILCS 105/1,** *et seq.***,** and the Illinois Wage Payment and Collection Act, **820 ILCS 115/1,** *et seq.*

JIB removed the action to this Court on November 8, 2002, asserting that this Court could exercise subject matter jurisdiction under both the federal question statute, **28 U.S.C. § 1331**, and the federal diversity statute, **28 U.S.C. § 1332**. On threshold review of the file, the Court raised jurisdictional concerns and directed JIB and Postelle to file briefs addressing those concerns by

December 2nd and 6th, respectively. Having carefully reviewed the jurisdictional briefs filed by counsel, the Court now finds as follows

## II. Federal Question Jurisdiction under 28 U.S.C. § 1331

As stated in the November 22nd Order, the critical issue is whether Postelle's claims "arise under" federal law, since §1331 confers original jurisdiction over civil actions *arising under* the Constitution or laws of the United States. The well-pleaded complaint rule provides that a cause of action arises under federal law only if the plaintiff's well-pleaded complaint raises issues of federal law. ***Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 966 (7th Cir. 2000); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).** A federal defense to a claim arising under state law does not suffice to create federal question jurisdiction. ***Moran*, 230 F.3d at 967, citing *Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 495 (7th Cir.), *cert. denied*, 522 U.S. 997 (1997).**

In the case at bar, JIB concedes that Illinois law supplies the statutory cause of action underlying both counts of Postelle's complaint. JIB insists, though, that Postelle's claims "necessarily turn on construction of federal law," because construction of federal law is "crucial to proof of the state claims" (Doc. 17, p. 2). As is discussed below, the Court disagrees.

JIB explains that, under the Illinois Minimum Wage Law, the obligation to pay overtime does not apply to employees in an executive, administrative or professional capacity, "as defined or covered by the federal Fair Labor Standards Act of 1938" ("FLSA"), **29 U.S.C. § 201,** *et seq.* In other words, JIB contends: "Because state law incorporates the FLSA standards for determining these statutory exemptions, Plaintiff's claims ... are necessarily federal in nature" (Doc. 17, p. 3).

To support this contention, JIB cites *Mechmet v. Four Seasons Hotel, Ltd.*, 825 F.2d 1173 (7th Cir. 1987). In *Mechmet*, hotel waiters sued their employer and union to recover overtime compensation. The District Judge dismissed the state law overtime claims. JIB points to this fact to suggest that federal question jurisdiction must have existed over the Illinois Minimum Wage Act claims which were dismissed on the merits by the federal trial judge.

But the *Mechmet* plaintiffs alleged violations of a collective bargaining agreement, state law (Illinois) overtime provisions, <u>and</u> <u>federal</u> <u>law</u> (the FLSA). *Mechmet*, **825 F.2d at 1178 ("The plaintiffs allege ... a violation of the Fair Labor Standards Act...").** Clearly, the Court treated the Illinois overtime claims as pendent state law claims, not federal claims furnishing a basis for federal question jurisdiction.

Unlike the waiter-plaintiffs in *Mechmet,* Postelle has pled no federal labor law claims or federal claims of any kind. *Mechmet* does *not* stand for the proposition that federal district courts can exercise federal question jurisdiction over claims under the Illinois Minimum Wage Act. Rather, the Seventh Circuit simply approved the District Judge's procedure in deciding the federal FLSA claims and then resolving the pendent state law claims (rather than remanding them to state court for disposition).

To buttress its federal question argument, JIB also cites ***Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986)**. In *Merrell Dow*, "the plaintiff's success depended on a favorable interpretation of federal drug-safety laws," but *state* law supplied the right to recover damages for torts. ***International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001).** The Supreme Court held (in *Merrell Dow*) that the presence of a federal issue in a claim depending on state law did not make the claim one "arising

3

under" federal law. *International Armor* at 915; *Merrell Dow* at 813-14.

JIB seizes on *Merrell Dow* dicta indicating that removal under the federal question statute would be proper "where the vindication of a right under state law necessarily turned on some construction of federal law." *Merrell Dow*, **478 U.S. at 808-09.** Here, however, the Court is not persuaded that Postelle's claims necessarily turn on construction of federal law or that his right to relief under state law requires resolution of a substantial question of federal law.

*Merrell Dow* clarified that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Seinfeld v. Austen*, **39 F.3d 761, 763 (7th Cir. 1994)**, *cert. denied*, **514 U.S. 1126 (1995)**, *citing Merrell Dow*, **478 U.S. at 813.** At best here, the Court confronts a federal issue in a state law cause of action or a federal *defense* to a state law cause of action.  Neither confers jurisdiction on this Court under § 1331.

Nor was removal justified under the doctrine of complete preemption, "a corollary to the well-pleaded complaint rule" which permits removal of a state law-based claim where "Congress has so completely preempted a particular area that no room remains for any state regulation and the complaint would be 'necessarily federal in character.' " *Rogers v. Tyson Foods, Inc.*, **308 F.3d 785, 787-88 (7th Cir. 2002)**, *citing Bastien v. AT&T Wireless Serv., Inc.*, **205 F.3d 983, 986 (7th Cir. 2000)**, and *Metropolitan Life Ins. Co. v. Taylor*, **481 U.S. 58, 63-64 (1987).**

So analysis comes back to the fundamental question of "whether this complaint states a cause of action that 'arises under' federal law," *Seinfeld*, **39 F.3d at 763**, a question the Court must answer "no."

A plaintiff is the master of his complaint and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, **482 U.S. 386, 392 (1987).** *See also*

*Illinois v. Kerr-McGee Chemical Co.*, 677 F.2d 571, 575 (7th Cir.), *cert. denied*, 459 U.S. 1049 (1982); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). Postelle has done precisely that. Indeed, his complaint explicitly disclaims any federal claims or causes of action (Doc. 2, p. 2). For all these reasons, the Court concludes that this case was not properly removed under the federal question statute

### III. Federal Diversity Jurisdiction under 28 U.S.C. § 1332

Section 1332 confers on the United States District Courts original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

Where jurisdiction has been challenged either by the Court or by the opposing party, the removing party meets this burden by supporting his jurisdictional allegations with "competent proof." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In the Seventh Circuit, competent proof means proof "to a reasonable probability that jurisdiction exists." *Chase* at 427, *citing Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993), and *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).

For a defendant to successfully remove a class action based on diversity, at least one of the named plaintiffs must have a claim that surpasses the $75,000 jurisdictional bar. *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997), *cert. denied*, 522 U.S. 1153 (1998); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409 (7th Cir. 2000). If one named plaintiff meets the jurisdictional minimum, the other named plaintiffs and class members can

"piggyback" on that plaintiff's claim, via supplemental jurisdiction under **28 U.S.C. § 1367**. ***Brand Name*, 123 F.3d at 607.**

The starting point in determining the amount in controversy is the face of the plaintiff's complaint. ***Chase*, 110 F.3d at 427.** In the case at bar, Postelle's complaint expressly disclaims (on his own behalf and on behalf of any individual class member) recovery in excess of $75,000 (Doc. 2, p. 2 & p. 9). Examination of the damages and other relief sought by Postelle produces no other conclusion. JIB has not demonstrated that the named Plaintiff (Postelle) has a claim that surpasses the $75,000 jurisdictional bar.

## IV. <u>Conclusion</u>

Because this Court lacks subject matter jurisdiction, it **REMANDS** this action to the Circuit Court of Madison County, Illinois.

**28 U.S.C. § 1447(c)** provides that "an order remanding the case may require payment of actual expenses, including attorney fees, incurred as a result of the removal." Section 1447(c) is not a sanctions rule, and no bad faith is required on the part of removing party to support an award of costs thereunder. Rather, § 1447(c) is a fee-shifting statute, "entitling the district court to make whole the victorious party." ***Garbie*, 211 F.3d at 410.**

Yet the Court **DECLINES** to award Postelle's counsel their costs of removal (including attorneys' fees), as requested in their jurisdictional memorandum (Doc. 17, p. 7)

First, remand resulted from the Court's sua sponte raising of jurisdictional issues and solicitation of jurisdictional briefs – not from any remand motion filed by Postelle. More importantly, Postelle has not submitted any documentation supporting the request for costs and attorneys' fees or even disclosing the amount of those costs and fees. The proposed Order submitted

6

by Postelle simply directs JIB to pay Postelle's costs and actual expenses, without specifying the amount thereof or supplying any supporting affidavit or documentation. Therefore, the Court will not award Postelle costs under § 1447(c).

**IT IS SO ORDERED.**

**DATED this** \_\_11th\_\_ **day of December, 2002.**

_____
**MICHAEL J. REAGAN**
**United States District Judge**